**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.  Case No. 3:21-cr-12-TJC-MCR-1

GEORGE THOMAS GRIFFITHS, JR.

___

**O R D E R**

On May 27, 2022, Griffiths pleaded guilty to one count of knowing distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). (Doc. 46 at 1). His advisory Sentencing Guidelines range was 151–188 months in prison. (Doc. 57 ¶ 79). On June 28, 2023, the Court sentenced Griffiths to 75 months in prison, followed by 15 years of supervised release, and ordered him to pay $56,000.00 in restitution to child victim claimants. (Docs. 75, 80). Griffiths is due to be released on October 22, 2028.[1] He and his family represent to the Court that upon his release, he intends to live with his wife and elderly father, and resume work as his father's full-time caretaker through the U.S. Department of Veterans Affairs (VA) Caregiver Support Program. (Doc. 81 at 2; 81-6 at 6).

---

[1] See Fed. Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed January 8, 2026).

Griffiths asks the Court to modify his sentence under 18 U.S.C. § 3582(c)(1)(A) because his situation allegedly presents "extraordinary and compelling" circumstances, he is not a danger to the community, and the 18 U.S.C. § 3553(a) factors support a sentence reduction. (Doc. 81). Specifically, Griffiths requests that the Court allow him to serve the remainder of his sentence on home confinement as a special condition of supervised release. (Doc. 89 at 3). His "extraordinary and compelling" reasons are (1) his own medical conditions; (2) the incapacitation of his father when he is "the only available caregiver" for him; and (3) "other reasons," including his efforts at rehabilitation. (Doc. 81-1 at 1); U.S. SENT'G GUIDELINES MANUAL §§ 1B1.13(b)(1), (b)(3)(C), and (b)(5) (U.S. SENT'G COMM'N 2024) [hereinafter U.S.S.G.]. The Government opposes the motion in its entirety. (Doc. 85).

A court may modify a term of imprisonment under limited circumstances. See 18 U.S.C. § 3582(c) (establishing circumstances); United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010) ("The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."). "[A] district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021). "Because all three conditions . . . are necessary, the

2

absence of even one would foreclose a sentence reduction." Id. at 1237–38. The defendant bears the burden of establishing that a reduction in sentence is warranted. See, e.g., United States v. Heromin, No. 8:11-cr-550-VMC-SPF-1, 2019 WL 2411311, at *2 (M.D. Fla. 2019) (citing United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013)).[2]

The Court acknowledges Griffiths's family circumstances, specifically that his elderly father, who suffers from dementia, mobility issues, and other medical conditions, is in need of care. Griffiths's desire to care for his father is commendable, and the Court understands the difficulties in arranging care for individuals with dementia. However, as illustrated by the following discussion, the relevant § 3553(a) factors do not support a modification of his sentence.

First, despite Griffiths's generally positive history and characteristics, including his pretrial efforts at rehabilitation, the nature and circumstances of the offense weigh against granting his motion. See 18 U.S.C. 3553(a)(1); (Doc. 84 at 80–82). Specifically, the number of child pornography images he

---

[2] Before a defendant may move for modification, the defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or thirty days must lapse after the warden of the defendant's facility receives such a request. See 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement is mandatory in the sense that a court must enforce the rule if a party properly raises it. United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). Here, the parties do not dispute that Griffiths has exhausted his administrative remedies, so exhaustion is not at issue. (See Doc. 85 at 6).

distributed was substantial, and he did it on more than one occasion, including from his place of work. (Docs. 57 ¶ 14; 84 at 79–80). As was illustrated at sentencing, repeated sharing of such images has a significant, continuing impact on the child victims. (Id. at 73–75).

Second, Griffiths's sentence must reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; it must afford adequate deterrence to criminal conduct; and it must protect the public from further crimes of Griffiths. See 18 U.S.C. § 3553(a)(2). Griffiths has served about 30 months of his 75-month sentence, which is approximately 40 percent. Allowing his release when he has completed less than half of his sentence would undermine these objectives.

Third, Griffiths received a considerable downward variance from his Sentencing Guidelines range of 151–188 months, since he was sentenced to 75 months in prison. See 18 U.S.C. § 3553(a)(4); (Doc. 57 ¶ 79). Because he already benefitted from a significant downward variance, Griffiths's release or other modification of his sentence at this stage would undermine the considerations outlined in § 3553(a)(2).

"Because all three conditions [i.e., (1) the § 3553(a) factors favor a reduction in sentence, (2) there are 'extraordinary and compelling reasons' for doing so, and (3) doing so wouldn't endanger any person or the community] . . . are necessary, the absence of even one would foreclose a sentence reduction."

4

Tinker, at 14 F.4th 1237–38. Thus, even if the Court found that Griffiths's medical or family circumstances were "extraordinary and compelling reasons" warranting a reduction in sentence as contemplated by 18 U.S.C. § 3582(c) and the Sentencing Guidelines, the foregoing review of the § 3553(a) factors forecloses the sentence modification he requests.

Accordingly, it is hereby

**ORDERED:**

Defendant George Thomas Griffiths, Jr.'s Motion for Reduction in Sentence (Doc. 81) is **DENIED**.

**DONE** and **ORDERED** in Jacksonville, Florida, this 8th day of January, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

hms
Copies:
Counsel of record
U.S. Probation
U.S. Pretrial Services
U.S. Marshals Service
Defendant